### EX PARTÉ BEN NITSCHE.

No. 3288.   Decided November 4, 1914.

Rehearing denied November 25, 1914.

**1.—Justice Court—Misdemeanor—Complaint—Information.**

An information is not required to be filed on a complaint made before the county attorney and filed by him in the Justice Court, and this although the complaint was sworn to before the county attorney. Davidson, Judge, dissenting.

**2.—Same—Felony—Misdemeanor—Complaint—County Court—County Attorney.**

Under the Criminal Code of Texas and the Constitution, prosecutions for felony must be upon indictment by the grand jury; in prosecutions for misdemeanors, it must be upon an information founded upon a complaint when brought in the County Court, but when the prosecution was had in the Justice Court, only a complaint is required, and this although the complaint is sworn to before the county attorney. Davidson, Judge, dissenting.

From Lee County.

Original habeas corpus proceeding on the ground that the county attorney had failed to file an information in the Justice Court upon a complaint filed therein and sworn to before the county attorney.

The opinion states the case.

*E. T. Simmang,* for appellant.—Cited Jennings v. State, 30 Texas Crim. App., 428; Prewitt v. State, 34 S. W. Rep., 924; Leall v. State, 51 Texas Crim. Rep., 425, 102 S. W. Rep., 414; Spondberg v. State, 30 Texas Crim. Rep., 168, 131 S. W. Rep., 541; Faulkner v. State, 66 S. W. Rep., 787; Deon v. State, 3 Texas Crim. App., 435, and cases cited in dissenting opinion.

*C. E. Lane,* Assistant Attorney General, and *P. J. Alexander,* for the State.—Cited Whitley v. State, 56 S. W. Rep., 69; Sponberg v. State, 60 Texas Crim. Rep., 168; Day v. State, 47 Texas Crim. Rep., 113.

HARPER, JUDGE.—Complaint was sworn to before the county attorney, charging relator with selling unwholesome meat. This complaint was filed in the Justice Court, and relator tried and convicted. No information was filed by the county attorney in Justice Court, and relator seeks to have the proceedings declared void, because of the fact that the county attorney did not, in addition to a complaint, file an information on the complaint in the Justice Court. The question presented is, where the county attorney takes the complaint and files it in the Justice Court, is he also required to file an information in that court? Relator's able attorney admits that if the complaint is taken by the justice of the peace, or any officer other than the county attorney, the law does not require the filing of an information in the Justice Court, but he insists that article 36 of the Code of Criminal Procedure requires an information to be filed in Justice Court if the complaint is sworn to before the county attorney.

The writer can not agree that an information is required to be filed on a complaint in Justice Court in any instance, and does not think the provisions of the Code of Criminal Procedure will bear any such construction when read all together. The Constitution of 1869 provided in article V, section 17:

"Every criminal offense that may by law be punished by death, or in the discretion of the jury by imprisonment to hard labor for life, and every offense that may by law be punished by imprisonment in the State penitentiary, shall be deemed a felony, and shall only be tried upon an indictment found by a grand jury. But all offenses of a less grade than a felony may be prosecuted upon complaint, under oath, by any peace officer or citizen, before any justice of the peace or other inferior tribunal that may be established by law; and the party so prosecuted shall have the right of trial by a jury, to be summoned in such manner as may be prescribed by law."

Thus, under this Constitution, it is made plain that only a complaint was required in all prosecutions cognizable in the Justice Court. When the Constitution of 1876 was adopted we find a provision "that no person shall be held to answer a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary." Then follow provisions providing for the various courts, including the Justice Court, limiting the jurisdiction of the Justice Courts in criminal cases where the penalty or fine to be imposed may not be more than two hundred dollars, leaving to the legislative branch of the government proceedings to be had in misdemeanor cases to institute a criminal charge. Following the adoption of the Constitution in 1876 the Legislature convened in April, 1876, and in an Act entitled "An Act to define and regulate the duties of county attorneys," we find the following provisions:

"Sec. 13. Upon complaint being made before the county attorney that an offense has been committed which the County Court or a justice of the peace has jurisdiction to try, it shall be the duty of said county attorney to reduce the complaint to writing, and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said county attorney. Said complainant shall state the name of the accused, if his name is known, and the offense for which he is charged shall be stated in plain and intelligible words; and it must appear that the offense was committed in the county where the complaint is filed; and the complaint must show, from the date of the offense stated therein, that the offense is not barred by limitation.

"Sec. 14. The complaint specified in section 13 of this Act may be made before any judge of the County Court, county attorney or justice of the peace; and, for the purpose of carrying out the provisions of this Act, the county attorney is hereby authorized to administer an oath.

"Sec. 15. It shall be the duty of the county attorney, upon the filing of said complaint, to prepare an information in writing, which shall be in compliance with article 403, part third, title 4, chapter 3, of the Code of Criminal Procedure."

These provisions are in chapter LXXXIX, Session Acts, pages 85 to 86, and were approved August 7, 1876. To give these sections a literal construction it would, by the provisions of section 15, be seen that the county attorney was required to file an information in all cases whether instituted in the Justice or the County Court, and whether the complaint was sworn to before him, the county judge or the justice of the peace, and doubtless that would have been the proper construction to have given that Act, if the Legislature had not at the same session later adopted another Act, being chapter CIII, entitled "An Act to provide for the election of justices of the peace, and to define their powers and jurisdiction," which was approved August 17, 1876, which was ten days subsequent to the Act relating to the duties of the county attorney. It is a well known rule of construction that all laws passed at the same session of the Legislature must be construed together, and especially is this true where the Legislature is adopting a code of procedure immediately subsequent to the adoption of a Constitution, and that if there is an irreconcilable conflict between the two Acts passed at the same session, the last passed by the Legislature will govern and control. The Act passed last, approved August 17th, was an Act dealing exclusively with the Justice Courts, and embraces some forty-one sections, one of which (sec. 29) reads as follows:

"Upon complaint being made before any justice of the peace, or any other officer authorized by law to administer oaths, that an offense has been committed in the county which a justice of the peace has jurisdiction finally to try, the justice *or other officer* shall reduce the same to writing, and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by such justice *or other officer* before whom it shall be made; and when made before such justice, or when returned to him *made before any other officer,* the same shall be filed by him. Said complaint shall state the name of the accused, if his name is known, and the offense with which he is charged shall be stated in plain and intelligible words, and the complainant must show, from the date of the offense stated therein, that the offense is not barred by limitation."

This provision provides if the complaint is made before any justice of the peace, *or any other officer* authorized by law to administer oaths, the proceedings which shall be had, and those provisions of the code in force at that time and now in force regulating trials before the Justice Court provide that on the trial the *complaint and warrant* shall be read to the accused. (Art. 985, C. C. P.) This article was numbered 824 in the old code in force in 1876, and has been brought forward in every revision since that time in identically the same language.

Under all these provisions of the code, although sections 13, 14, and 15 of the Act of August 7, 1876, provided that when the complaint was made before any *county judge, county attorney, or justice of the peace,* it should be the duty of the county attorney *to prepare and file an information,* it was the rule of construction from 1876 to 1879, so far as we can ascertain, taking into consideration the provisions of the Act

regulating Justice Courts, passed August 17, 1876, and the provisions of the code regulating trials in Justice Courts, no information was required, and trials have always been in Justice Courts upon complaint alone.

The first revision after the Constitution of 1876 was adopted was had in 1879, and sections 13, 14, and 15 of the Act of August 7, 1876, were brought forward therein as articles 35 and 36, with the verbiage slightly changed, but by reference to the revision of 1879, it will be seen by the marginal notes in the official statute that articles 35 and 36 are based upon sections 13, 14, and 15 of the Act of August 7, 1876— section 15 being changed so as to read, "If the offense be a misdemeanor, the attorney shall forthwith prepare an information and file the same, together with the ·complaint, in the court having jurisdiction of the offense." Thus it is seen that in the broadest sense the county attorney would be required to file an information in all cases in Justice Courts. However, it is not insisted that he is so required, but only in cases where the complaint is sworn to before him, and it is contended that this is the proper construction when read in connection with the articles of the code immediately preceding. However, in the same revision of 1879 the provisions of the Act of August 17, 1876, were also brought forward, and section 29, hereinbefore copied, was brought forward as article 902, as shown by the official statute adopted in 1879, and this section has been brought forward in every revision since that time and is now article 972, and the provisions for the trial of cases in Justice Courts in force in 1876 have been brought forward in each revision of the code unchanged and still read that upon the trial, "the complaint and warrant shall be read to the defendant." Art. 985 (O. C., 824).

By reading the provisions of chapter 3 of title 11 of the present Code of Criminal Procedure, relating to trials in Justice Courts, and the provisions in force governing trials in said courts in 1876, it will be seen they are identical, the language not being modified nor changed in the slightest particular, and it has always provided that only a *complaint* should be read to the defendant in Justice Court. After a careful review of the Code of Criminal Procedure under the Constitution in force prior to 1876, and the provisions of all the Acts of the Legislature adopted since the adoption of the present Constitution in 1876, relating to the question in issue, we are of the opinion that our Criminal·Code as provided by the Legislature, under the Constitution, requires that in prosecutions for a felony it must be upon indictment found by the grand jury; in prosecutions for misdemeanors, it must be upon an information founded upon a complaint, when brought in the County Court, but when the prosecution is had in Justice Court, only a complaint is required. The various provisions of our criminal procedure so provide when construed as a whole; and in our opinion it would be doing violence to the intent of the Legislature to so construe it that in certain instances a prosecution could be maintained in Justice Court upon complaint alone, and in other instances it would take both a complaint and information in the Justice Court. Of course, if the Legislature had so provided it

.would be our duty to so hold, but when the entire code is read, and the various Acts as passed are considered, we do not think such a construction a proper one.

Relator remanded.                                   *Relator remanded.*

[Rehearing denied November 25, 1914.—Reporter.]

DAVIDSON, Judge (dissenting).—Appellant was arrested for a misdemeanor, and tried in the Justice Court of precinct No. 1 of Lee County, and appealed thence to the County Court, which appeal seems to have been dismissed.

It is agreed that the affidavit, and the affidavit so shows, charging appellant with the offense, was sworn to before the county attorney. He administered the oath. The county attorney then filed it in Justice Court of precinct No. 1, where the case was tried, resulting in appellant's conviction, and a fine of fifty dollars.

The contention of appellant is that he could not be tried in the Justice Court because the county attorney failed to file an information with the justice of the peace as required by the statute. It seems also that no advantage was sought to be taken of this in the Justice Court, but the question was raised on appeal in the County Court. The State's contention seems to be that because the question was not raised in the Justice Court, therefore appellant waived filing of the information in the Justice Court. There is no merit in such contention and it is unnecessary to discuss it. Where the law requires an information to be filed in the criminal case, it must be filed. The accused can not waive it. If the Justice Court jurisdiction did not attach to the case and the proceeding was void for want of the information, the appeal to the County Court could not confer jurisdiction upon that court on appeal. The statute requires that in all cases filed originally in the County Court a complaint and information shall be filed. The information is a necessary prerequisite to the jurisdiction of the County Court to try the case. This is settled by all the authorities and by the statute, and the Constitution authorizes this. Article 5, section 17. This case was within the jurisdiction of the Justice Court to try and dispose of on its merits, and it would become final unless the convicted party saw proper to appeal to the County Court. The Legislature being invested with all the authority necessary to prescribe the practice and method of procedure in Justice Court, rules of procedure or practice the Legislature saw proper to provide in reference to these matters would be valid and mandatory. Wherever authority as to rules of procedure and matters of practice are discretionary in the Legislature, their action with reference to the matter is final and binding on courts. That body provided in section 35 of the Code of Criminal Procedure that "if the offense be a misdemeanor, the attorney shall forthwith prepare an information and file same together with a complaint in the court having jurisdiction of the offense. If the offense charged be a felony, he shall forthwith file the complaint with the magistrate of the county and cause the necessary process to be issued for the arrest of the accused." The attorney here

spoken of was mentioned in the preceding article as being either the *district* or *county attorney*. Where the *"justice of the peace or other officer"* takes the affidavit or complaint and files it with the Justice Court it is not necessary for the county attorney to file an information. That article is not in conflict with article 35, but if it is article 35 will control because special in its application to cases specified in the Act. The information must be filed by the mentioned officer. The county and district attorney are the only officers who are empowered and required to file informations. Article 35 specially applies with reference to complaints taken before the county or district attorney and filed in misdemeanor cases, and it requires that in all such cases such attorney "shall forthwith prepare an information and file same, together with the complaint," etc., and under all such circumstances the information shall be filed with the proper court "forthwith" by the county or district attorney. The Legislature had the right to provide this procedure and make it apply only to the county and district attorney. It had the further right to require the filing of this information, and as the Legislature has so provided this court nor any other authority would have the right to say this procedure was or is illegal and shall not be followed. There is nothing directory to this; it just says *"he shall"* do so, and the facts show he did not, and under the terms of this statute until the information has been filed, where the county or district attorney takes the affidavit, the court does not acquire jurisdiction to try the case. Filing the information with the complaint is a prerequisite. The same rule obtains in all cases filed originally in the County Court, but in Justice Court it only obtains when the county or district attorney takes the affidavit. The trial in the County Court is void for want of the information. This statute is equally as imperative as that applying to the County Court. The language is as emphatic in article 35 as it is in those articles which apply to trials of misdemeanors in the County Court where complaint has been made and first filed in that court. This court has adhered to those provisions of the statute at all times and under all circumstances. The Constitution authorizes it, and the statute requires it. Article 5, section 17. The Legislature, as before stated, had a right to so order and this court has not the authority to say their action was illegal. As illustrative of this, the Legislature has provided a form of recognizance on appeal from County Court to this court. This court has always upheld that statute and form rigidly, dismissing a great number of cases because the statutory form was not followed, holding that the jurisdiction of this court did not attach for want of these. In compliance with article 35, the conviction in the Justice Court was illegal for want of information, and the Justice Court could not acquire jurisdiction without it, therefore the conviction was a nullity.

Judge Harper cites the Constitution of 1869 to support his views. That Constitution was abrogated by the Constitution of 1876, and is not in force. We must look to the latter Constitution and its provisions and legislation thereunder.

I dissent.