Ex Parte Traugott Jank.

No. 6944.  Decided May 10, 1922.

Rehearing denied December 13, 1922.

1.—Habeas Corpus—Tick Eradication—Complaint—Information.

It is not necessary to file an information with the complaint in the Justice Court. Following Ex Parte Nitsche, 75 Texas Crim. Rep., 131, 170 S. W. Rep., 1001.

2.—Same—Election—Petition—Words and Phrases—Time of Holding Election.

It is the plain intent of the statute that the lapse of 60 days referred to in the statute means only the holding of the election, and not the date of the order therefor.

3.—Same—Statutes Construed—Local Option Law—Rule Stated.

The principle discussed and the rule announced in the case of Dawson v. State, 25 Texas Crim. App., 670, must be upheld in the instant case, which is to the effect that when by a vote of the people of a particular county, they have enacted in such county a given statute or put themselves under the operation of a general statute, they must be deemed to have voted upon themselves only the law as it then was, and that amendments or changes in such general law made by the Legislature thereafter will not be effective in such county until its people have voted upon themselves the law as so amended or changed, and this being the case in the instant trial, the relator is discharged.

4.—Same—Rehearing—Local Option—Liquor Law—Tick Eradication—Statutes Construed.

The contention that a different rule prevails in the construction of the local option feature of the tick-eradication law from that applicable to local option applied to liquor laws, is untenable. Following McElroy v. State, 39 Texas Crim. Rep., 525, and other cases.

From Lee County.

Original Habeas Corpus proceedings, asking release from a capias pro fine issued by a County Court from a judgment charging a violation of the tick eradication law, and a fine of $25.

*E. P. Simmang,* for appellant.—Cited Lewis v. State, 127 S. W. Rep., 808; and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited Roberson v. State, 63 S. W. Rep., 884, and cases cited in opinion.

LATTIMORE, JUDGE.—From restraint by virtue of a capias pro fine duly issued to the sheriff of Lee County, out of the office of the county clerk of said county, relator seeks relief here by an original writ of habeas corpus.

Relator was first tried in a Justice Court upon a complaint sworn to before the county attorney of said county charging a violation of what is known as the Tick Eradication law, and a fine of $25 was assessed against him. On appeal to the County Court relator was again found guilty and fined $25, and being unable to further appeal his case because of the terms of Article 87 of our Code of Criminal Procedure, relator has sued out this writ asserting the invalidity of both of the procedure under which he was convicted and the law under which the conviction was had.

We do not agree with relator's contention that an information must be filed with the complaint in the Justice Court, when a prosecution in such court is based upon a complaint sworn to before the county attorney. Ex parte Nitsche, 75 Texas Crim. Rep., 131, 170 S. W. Rep., 1101, seems decisive of the question.

We do not think that part of Sec. 7 of Chapter 60 of the Acts of the Regular Session of the Thirty-Fifth Legislature, wherein occurs the following language: "Said election shall be ordered and held not less than sixty days after the filing of the petition," should be construed by us to hold that both the order and the election must be of date not less than sixty days after the filing of the petition for such election. We think it the plain intent of the statute that the lapse of sixty days referred to means only the holding of the election and not the date of the order therefor.

From the agreed statement of facts herein it appears that Lee County was placed in zone No. 3 by the provisions of said Chapter 60 supra, wherein the various counties of this State were grouped into three groups or zones and different dates fixed for the taking effect therein of the said tick eradication law. It will be observed from the provisions of Sec. 9 of said chapter that said tick eradication law was not to be effective in the counties in zone No. 3 until January 1, 1922. However, under Sec. 7 of said chapter it was provided that any county in any of the zones might hold an election as provided for by said Act and by this method vote itself under the provisions of said law prior to the date fixed by the general statute for the taking effect therein of same. It appears in 1919 Lee County, in accordance with the provisions of said Act, held a local option election which carried and thereby said county placed itself under the operation of said law. The complaint under which this conviction was had was filed in October, 1921. As attacking the validity of the judgment herein and the sequent legality of the restraint of relator under same, it is now urged that subsequent to the holding of the local option election referred to, and prior to the date of the instant prosecution, the tick eradication law was materially changed by the Legislature, and that, therefore, a

prosecution under the present law for acts committed prior to January 1, 1922,—when said law became effective in all of the counties in zone 3 regardless of the holding of any local · election,—cannot be maintained. Under the uniform holdings of this court since Dawson v. State, 25 Texas Crim. App. 670, we are constrained to uphold the relator's contention. ·The principle discussed and the rule announced in the Dawson case is seemingly sound, and is to the effect that when by a vote of the people of a particular county they have enacted in such county a given statute, or put themselves under the operation of a general statute, they must be deemed to have voted upon themselves only the law as it then was, and that amendments or changes in such general law made by the Legislature thereafter, will not be effective in such county unless and until its people have voted upon themselves the law as so amended or changed.

In Ex parte Leslie, 87 Texas Crim. Rep., 476, 223 S. W. Rep., 227, this court held the tick eradication law as it was in 1919, this being the date of the local option election in Lee County, defective in various particulars; and in 1920, at a Called Session of the Thirty-Sixth Legislature, the said law was so amended as to correct the defects mentioned and set out in the opinion of this court in the Leslie case, supra. There has been no local option election in Lee County since the changes made by the Legislature in the tick eradication law. Under the opinions of this court upholding and following Dawson v. State, supra, it would appear, therefore, that relator could not be legally convicted under the law as it was when adopted by Lee County at the local option election in 1919, because said law was fatally defective as held in the Leslie case; and that he could not be prosecuted for acts committed subsequent to the adoption of the 1920 amendment to the statutes above referred to, because the then law had not been put in effect in said county by a new local option election; and therefore that he could not be prosecuted for any act of his in failing and refusing to dip his cattle as required by the tick eradication law before the general State law applicable to all counties in Zone 3, became effective January 1, 1922. Dawson v. State, 25 Texas Crim. App. 170; Robinson v. State, 26 Texas Crim. App. 82; Lawhon v. State, 26 Texas Crim. App. 101; Lewis v. State, 58 Texas Crim. Rep., 351, 127 S. W. Rep., 808; Doyle v. State, 59 Texas Crim. Rep., 60, 127 S. W. Rep., 816; McElroy v. State, 39 Texas Crim. Rep., 529.

From what we have said it follows that in our opinion the conviction herein was invalid, and the judgment and capias pro fine were without authority of law, and that the relief prayed for must be granted. The relator will be discharged.

*Relator discharged.*

ON REHEARING

December 13, 1922.

LATTIMORE, JUDGE.—The State files an able brief in support of its motion for rehearing and urges that a different rule prevails in the construction of the local option feature of the tick eradication law from that applicable to local option as applied to liquor laws, the difference being predicated upon the alleged right of the Legislature to enact local as well as general laws applicable to stock and stock raising, whereas such right was held to be denied by the Constitution in case of laws applicable to liquor selling. We find ourselves unable to follow the ingenious reasoning of the State to the conclusion reached. The tick eradication law is and was general in its nature but by express enactment did not become effective in certain counties, among them being that of relator's residence, till January, 1922; however by the other terms of said statute the counties in which the taking effect of said statute was postponed were given the power to vote in local option elections held in them, upon the proposition of making said law sooner effective. Of this privilege the people of Lee County availed themselves in 1919, and by local option election then held voted upon themselves the provisions of said tick eradication law as same then were. There would seem no denial of the legal proposition that what was then voted into existence as then applicable to said county at said election, was the law as it then existed.

The general tick eradication law was amended in 1920 in material matters. These amendments were never submitted to the people of Lee County. Had they been part of the general law at the time said local option election was held in 1919, who is to say that the vote would then have been favorable to the immediate effectiveness of said law? The law as it was after the amendment of 1920 became a part of it, was at no time submitted or voted into immediate effect by the voters of said county. The fact that said election was held in 1919, and that by reason of the subsequent amendments in 1920, which were never submitted to the people of said county, said law thereafter became invalid in no sense affects the proposition that by virtue of the terms of the original Act making said law effective in all the counties in zone 3 in January, 1922, in which zone Lee County is situated, that the said law became and is now effective therein.

Our decision herein goes no further than to hold that in 1921 there was no law operative in said county under which the relator herein could be legally prosecuted.

We can not distinguish the difference between the vital principle involved when the case under consideration is one of a local option stock law from that which would apply if the question were one of a local option liquor law. The McElroy case, 39 Texas Crim. Rep. 529,

cited in our original opinion and holding as herein held, involved a local option stock law.

The State's motion for rehearing will be overruled.

*Overruled.*