# MARCH 8, 1939

GARLAND ANDERSON v. THE STATE.

No. 19884.   Delivered November 9, 1938.
On Motion to Reinstate Appeal January 25, 1939.
On Motion to Dismiss Appeal March 8, 1939.

The opinion states the case.

No attorney for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

MORROW, JUDGE.—The conviction is for drunkenness in a public place; penalty assessed at a fine of $25.00.

The appellant was convicted in the County Court of Navarro County upon a complaint filed before the Justice of the Peace, Precinct No. 2, in said county.

In our examination of the transcript, we fail to find a copy of the information upon which the prosecution is based. Under the terms of Art. 841, C. C. P., 1925, a copy of the indictment or information must appear in the transcript. See Vernon's Ann. C. C. P., Vol. 3, p. 213, note 3, and cases cited.

The record is also void of the judgment of the Court in which the case was tried.

The document found in the transcript which is denominated as "Defendant's Recognizance" appears to be an appeal bond filed during the term of court at which the appellant was convicted. The appellant should have entered into a recognizance.

Because of the defects in the record mentioned above, the appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

MORROW, JUDGE.—Attached to the motion to reinstate the appeal filed by the appellant is the certificate of the Clerk of the County Court of Navarro County to the effect that "there was never filed in this case any information based upon the complaint against the defendant and that said trial was had upon the complaint only." It is a fundamental rule of law that prosecutions for misdemeanors, when brought in the county court,

must be upon an information founded upon a complaint. See Art. 5, Sec. 17, Const. of Texas; also Ex parte Nitsche, 75 Tex. Cr. R. 131, 170 S. W. 1101. It has also been held that one prosecuted for a misdemeanor in the county court cannot waive the failure to file an information, that being a jurisdictional matter. See Ethridge v. State, 76 Tex. Cr. R. 41, 172 S. W. 784.

In the absence of the information prescribed by the Contitution and the statute, the county court was without jurisdiction to try the case. See Day v. State, 74 S. W. (2d) 699, and cases cited.

For the reason stated, the appeal is reinstated, the order of dismissal is set aside, and the judgment of the trial court is now reversed and the cause remanded.

### ON STATE'S MOTION TO DISMISS THE APPEAL.

CHRISTIAN, JUDGE.—In the opinion reversing the judgment of conviction herein we called attention to the fact that appellant was tried alone upon a complaint filed in the county court In the absence of an information we were constrained to reverse the judgment. In the state's motion requesting that the judgment of reversal be set aside and the appeal dismissed it is stated that appellant was first tried in the justice court and thereafter appealed to the county court, where a trial de novo was had. A certified copy of the record—which has been brought up since we reversed the judgment—supports the averments of the motion. The fine assessed in the county court was twenty-five dollars. Article 53, C. C. P., reads as follows:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases. This article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court or county court at law, in which the fine imposed by the county court or county court at law shall not exceed one hundred dollars."

In view of the fine assessed this court is without jurisdiction.

In reply to the state's motion appellant has filed an affidavit which is not entitled to consideration.

The state's motion is granted, the judgment of reversal is set aside and the appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.