EX PARTE ERNEST GREENWOOD

No. 29,469. December 4, 1957.

*David A. Gibson,* Houston, for relator.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant sought relief by habeas corpus before Hon. Wendell A. Odom, Judge of County Court at Law No. 3 of Harris County, contending that his confinement in jail following some eleven convictions in the corporation court of Houston was illegal. The writ was granted and hearing denied. This is an appeal from the order remanding him to the custody of the chief of police of Houston.

The sole question raised which we are called upon to answer is whether or not prosecution in the corporation court upon a sworn complaint alone, without an information having been filed, would be sufficient to support a conviction.

We answer this question "Yes," and cite Art. 867 V.A.C.C.P.; Kneedler et al v. State, 131 Texas Cr. Rep. 385, 99 S.W. 2d 605.

Procedure for trials in the justice and corporation court is found in Title 11 of the Code of Criminal Procedure, Arts. 867 to 878 inclusive relating to corporation courts, and Arts. 879 to 889 inclusive relating to justice courts.

Art. 869 C.C.P. provides that a prosecution in a corporation court shall be conducted by the city attorney or his deputy. We are aware of no statute which requires or permits a city attorney to file an information.

An information is defined in Art. 413 C.C.P. as a written statement filed and presented in behalf of the state by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.

It is true that the county attorney may also represent the state in prosecutions in the corporation court, but there is no more reason for him to file an information in the corporation court than in the justice court. It is well settled that an information is not required to be filed in the justice court. 12 Texas Jur. 832; Ex parte Morales, 53 S.W. 107; Ex parte Jank, 93 Texas Cr. Rep. 88, 245 S.W. 685; Ex parte Nitsche, 75 Texas Cr. Rep. 131, 170 S.W. 1101.

Art. 867 C.C.P. provides that proceedings in the corporation court shall be commenced by complaint. An examination of that article will disclose that the complaint by which prosecutions in the corporation court are commenced is not the same as the affidavit or complaint which supports an information.

The former is required under Art. 867 C.C.P. to begin and conclude in the language prescribed by Art. 5, Sec. 12 of the Constitution of Texas, whereas no form is prescribed for the affidavit or complaint upon which an information is filed. Wilkes v. State, 155 Texas Cr. Rep. 622, 237 S.W. 2d 991.

The judgment remanding appellant to custody is affirmed.