**Gary McFADDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–146–CR.**

Court of Appeals of Texas,
Austin.

April 8, 1987.

Leon J. Grizzard, Austin, for appellant.

Ken Oden, Co. Atty., Marcos Lizarraga, Asst. Co. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

PER CURIAM.

A jury found appellant guilty of assault with bodily injury. Tex.Pen.Code Ann. § 22.01(a)(1) (Supp.1987). The trial court assessed punishment at incarceration for one year and a $750 fine, but suspended imposition of sentence and placed appellant on probation. In a single point of error, appellant contends the trial court erred in overruling his motion to dismiss the information for violation of the Speedy Trial Act. Tex.Code Cr.P.Ann. art. 32A.02, § 1(2) (Supp.1987).

The assault for which appellant was convicted occurred on March 9, 1985. On

March 18, a complaint was filed in Austin Municipal Court charging appellant with assault by physical contact. Tex.Pen.Code Ann. § 22.01(a)(3) (Supp.1987). On April 29, 1985, appellant appeared in municipal court with counsel, and both the State and the defense announced ready for trial. At this time, the case was set for trial in municipal court on June 12, 1985.

On June 12, appellant failed to appear for trial. On June 14, an information was filed in the county court at law charging appellant with the offense for which he was ultimately convicted, and the original complaint was dismissed. On June 18, a warrant for appellant's arrest was issued, but this warrant was never executed. On July 2, 1985, appellant was arrested after he voluntarily turned himself in to the police.

At the hearing below, the assistant county attorney testified that the State had been ready for trial on June 14, 1985, the day the information was filed. Appellant countered by arguing, as he does now in this Court, that this claim of readiness was rebutted by the fact that the State did not use due diligence to secure appellant's presence for trial after the information was filed. Appellant points out that his address was known and that he made no effort to avoid arrest. Nevertheless, appellant was not arrested for over two weeks following the filing of the information, and then only after he voluntarily presented himself to the police on July 2. Appellant relies on *Lyles v. State*, 653 S.W.2d 775, 777 (Tex.Cr. App.1983), in which it was held that obtaining the defendant's presence is a readiness burden of the State. Appellant concludes that the State was not ready for trial until July 2, 1985, one hundred-six days after the complaint was filed. The chief flaw in this analysis is appellant's assumption that the instant criminal action commenced with the filing of the complaint in municipal court.

 With certain exceptions not relevant to this cause, a criminal action commences for the purpose of the Speedy Trial Act when an indictment, information, or complaint against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

Tex.Code Cr.P.Ann. art. 32A.02, § 2(a) (Supp.1987). The phrase "when an indictment, information, or complaint ... is filed in court" refers to a charging instrument upon which the accused may be tried in the court in which it is filed. *Rios v. State*, 718 S.W.2d 730 (Tex.Cr.App.1986); *Rosebury v. State*, 659 S.W.2d 655, 657 n. 1 (Tex.Cr. App.1983) (Clinton, J., concurring). Thus, as used in § 2(a), "indictment" refers to felony prosecutions and "information or complaint" refers to misdemeanor prosecutions. *Davis v. State*, 630 S.W.2d 532 (Tex. App.1982, no pet.).[1] In other words, the only criminal action initiated by the filing of an instrument charging the commission of an offense is the criminal action which may be tried on that instrument in the court in which the instrument is filed.

 A felony criminal action does not commence within the meaning of § 2(a) with the filing of a complaint in justice court; such an action commences when an indictment is filed in district court or when the defendant is arrested. *Rios v. State*, *supra; Davis v. State*, *supra*. A valid information is a prerequisite to a misdemeanor prosecution originating in a county court. Tex.Const.Ann. art. V, § 17 (Supp. 1987); *Mayberry v. State*, 168 Tex.Cr.R. 537, 330 S.W.2d 203 (1959); *Norton v. State*, 120 Tex.Cr.R. 557, 47 S.W.2d 610 (1932). Therefore, a misdemeanor criminal action over which a county court has original jurisdiction commences for the purpose of the Speedy Trial Act when an information is filed in that court or when the defendant is arrested. *See Rios v. State*, *supra* at 732, n. 4. Misdemeanor prosecutions over which municipal and justice courts have original jurisdiction may be

---

1. A defendant may in most cases waive his right to indictment. Tex.Code Cr.P.Ann. art. 1.141 (1977). To that limited extent, "information" may also refer to felony prosecutions.

based on a complaint alone. Tex.Code Cr. P.Ann. arts. 45.01 & 45.16 (1979); *Ex parte Nitsche,* 75 Tex.Cr.R. 131, 170 S.W. 1101 (1914). It follows that a misdemeanor criminal action over which a municipal or justice court has original jurisdiction commences under the Act when a complaint is filed in the court or when the defendant is arrested.

■ It appears from the record before this Court that, prior to July 2, 1985, appellant was not detained in custody or released on bail or personal bond to answer for any offense arising out of the assaultive transaction of March 9, 1985. The filing of the municipal court complaint on March 18, 1985, commenced the class C misdemeanor action for assault by physical contact over which the municipal court had original jurisdiction. The State timely announced ready for trial of this action on April 29, 1985.[2] The class A misdemeanor action for assault with bodily injury over which the county court at law had original jurisdiction, which is the basis of this appeal, did not commence until the information was filed on June 14, 1985. It is conceded by appellant that the State was ready for trial of this action on July 2, 1985, which was well within the applicable time limit.

The trial court did not err in overruling the motion to dismiss. The judgment of conviction is affirmed.

---

2. Had the State failed to establish its timely readiness in this action, and had appellant successfully moved to dismiss the complaint as a result, appellant's prosecution in the county court at law would also have been barred. Tex. Code Cr.P.Ann. art. 28.061 (Supp.1987); *Kalish v. State,* 662 S.W.2d 595 (Tex.Cr.App.1983).