NUMBER 13-01-174-CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_____________________________________________________________


ROLANDO ARAFILES, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

_____________________________________________________________


On appeal from the County Court of De Witt County, Texas.

_____________________________________________________________


O P I N I O N

 

Before Justices Dorsey, Rodriguez and Baird (1)

Opinion by Justice Baird


Appellant was charged by complaint with the offense of speeding. A jury trial was held in the Justice Court. The jury
convicted appellant of the charged offense and assessed punishment at a fine of $200. Appellant gave notice of appeal to
the County Court of DeWitt County. A second jury was impaneled and convicted appellant of the charged offense. The
trial court then assessed punishment at a fine of $200. Appellant raises seven points of error. We affirm.

I.

Points of error one and two contend the justice court and the county court were without jurisdiction, respectively. 
Specifically, appellant argues an information was not filed in either court, and that an information is a jurisdictional
requirement.

There are three types of charging instruments--indictments, informations and complaints. Indictments and informations are
provided for and defined in the Texas Constitution. They are also defined in the Code of Criminal Procedure. Tex. Code
Crim. Proc. Ann. arts. 21.01, 21.20 (Vernon 1989). Complaints are not addressed in the Constitution, but are provided for
in the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 45.018 (Vernon Supp. 2001). It is well settled that an
information is not required to be filed in the justice court. Ex parte Greenwood, 165 Tex. Crim. 349, 350, 307 S.W.2d 586,
587 (Tex. Crim. App. 1957); Huynh v. State, 901 S.W.2d 480, 482 n.3 (Tex. Crim. App. 1995) (complaint serves as the
sole charging instrument in municipal and justice courts); Le v. State, 963 S.W.2d 838, 842 (Tex. App.-Corpus Christi
1998, pet. ref'd). As an information is not required to vest a justice court with jurisdiction, the first point of error is
overruled.

While informations are normally required to vest a county court with jurisdiction, this was not the normal case which
originated in the county court. Instead, this was an appeal from a justice court. Under these circumstances, an information
is not required to vest the county court with jurisdiction. Kneedler v. State, 131 Tex. Crim. 385, 386, 99 S.W.2d 605, 606
(Tex. Crim. App. 1937) (op. on reh'g); State v. Boseman, 830 S.W.2d 588, 591 n.3 (Tex. Crim. App. 1992). Therefore, the
second point of error is overruled.

II.

Points of error three and four contend the complaint was defective. Specifically, appellant argues the complaint was
required to state the specific statute allegedly violated, rather than describing the violation.

An accused in a criminal case is guaranteed the right to demand the nature and cause of the action against him. DeVaughn
v. State, 749 S.W.2d 62, 67 (Tex. Crim. App.1988). The charging instrument itself must convey adequate notice from
which the accused may prepare his defense. Id. In most circumstances, a charging instrument which tracks the language of
a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense. State v. Edmond,
933 S.W.2d 120, 128 (Tex. Crim. App.1996); DeVaughn, 749 S.W.2d at 67. Because the instant complaint tracts the
relevant statute and otherwise complies with article 45.019 of the Code of Criminal Procedure, we hold the complaint is not
defective. The third and fourth points of error are overruled.

III.

The fifth point of error contends appellant was forced to take a biased jury in the county court trial. During appellant's voir
dire, he asked the venire, "[H]ow many of you believe I'm innocent?" After receiving no response, appellant stated:

Judge, I think by the Constitution of Texas I am entitled to a non-prejudice jury and by the failure to raise their hands, the
jury here mainfesting (sic) that I won't have that fairness in this trial, so I move that all these jurors by dismissed.



The trial court denied appellant's motion. 



Bias exists as a matter of law when a prospective juror admits that he is biased for or against a defendant. Brandon v. State,
599 S.W.2d 567, 572 (Tex. Crim. App. 1979). The presumption of innocence does not appear in the United States or the
Texas Constitutions. However, courts have recognized that the presumption of innocence is part of the 14th Amendment
Due Process and 6th Amendment right to fair trial. Randle v. State, 826 S.W.2d 943, 945 n. 3 (Tex. Crim. App. 1992). 
And the Legislature has codified the presumption of innocence in the Texas Penal Code and the Code of Criminal
Procedure. See Tex. Penal Code Ann. § 2.01 (Vernon 1994); Tex.Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001).

In the instant case, appellant did not explain the presumption of innocence to the venire nor discuss it with them in any
manner. Nor was the subject broached by either the court or the State. Without the venire being first provided with an
explanation of the presumption before being questioned as to whether they would afford appellant that presumption if
selected to serve on the jury, we cannot say the jury was biased. The fifth point of error is overruled.

IV.

The sixth point of error raises two complaints: (1) the State's failure to provide appellant with a copy of the transportation
code; and, (2) a violation of appellant's right to assemble. A multifarious point is one that embraces more than one specific
ground. Stults v. State, 23 S.W.2d 198, 205 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). By combining more than
one contention in a single point of error, an appellant risks rejection on the ground that nothing will be presented for
review. Cuevas v. State, 742 S.W.2d 331, 336 n. 4 (Tex. Crim. App. 1987). An appellate may address a multifarious point
which is sufficiently developed in the brief. But appellant's brief is not sufficiently developed because it neither cites the
record nor advances any argument. Tex. R. App. P. 38.1. Instead, appellant merely re-states the language of section
201.904 of the Texas Transportation Code, and article I, section 27 of the Texas Constitution. Therefore, we hold this
point of error is inadequately briefed. The sixth point of error is overruled.

V.

The seventh point of error contends the trial court erred in quashing a subpoenaduces tecum. Appellate courts employ the
abuse of discretion standard in reviewing a trial court's decision to quash a subpoena. Drew v. State, 743 S.W.2d 207, 225
n. 11 (Tex. Crim. App. 1987) (citing United States v. Nixon, 418 U.S. 683 (1974); Ross v. Estelle, 694 F.2d 1008 (5th
Cir.1983)). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone within which
reasonable minds could disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App.1992).

Appellant caused a subpoena duces tecum to be issued for three persons, one of whom was the Honorable Ben Prause, the
judge who presided over the trial of the instant case. A basic tenet of our criminal justice system is that the judge shall be
impartial. Therefore, the judge presiding at the trial may not testify in that trial as a witness. Tex. R. Evid. 605.
Consequently, we hold the trial court did not err in quashing the subpoena in the instant case. The seventh point of error is
overruled.

The judgment of the trial court is affirmed.



 ________________________________

Charles F. Baird

Justice 

 

Do Not Publish.

Tex. R. App. P. 47.3. (b).



Opinion delivered and filed

this 10th day of January, 2002.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).