The STATE of Texas, Appellant,

v.

Michael Reed BARKER, Appellee.

No. 3–89–005–CR.

Court of Appeals of Texas,
Austin.

Nov. 22, 1989.

Discretionary Review Refused
Feb. 28, 1990.

Alia Moses, Asst. County Atty., Austin, for appellant.

Kenneth E. Houp, Jr., Austin, for appellee.

Before EARL W. SMITH *,
GAMMAGE and JONES, JJ.

EARL W. SMITH, Justice (Retired).

The State appeals an order of the trial court dismissing the information in this cause. Tex.Code Cr.P.Ann. art. 44.01(a)(1) (Supp.1989). Appellee has filed a motion to dismiss the appeal for want of jurisdiction. In the motion, appellee argues that the notice of appeal does not comply with art. 44.01(i) because it is signed only by an assistant county attorney.

---

* Before Earl W. Smith, Justice (Retired) Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code Ann. § 74.003 (1988).

■ Article 44.01 reads, in pertinent part:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

. . . . .

(d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

. . . . .

(i) In this article, 'prosecuting attorney' means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney.

It is appellee's contention that subsection (i) of art. 44.01, when read together with subsection (d), requires that an appeal under subsection (a) must be taken by and through the county, district, or criminal district attorney, as distinct from an assistant prosecuting attorney. For the purpose of this appeal, we assume, without deciding, that appellee's reading of art. 44.01 is correct.

The notice of appeal in this cause reads: COMES NOW the State of Texas, by and through the Travis County Attorney, and within 15 days of the trial court's order dismissing the State's complaint and information files this notice of appeal from such pretrial order in Cause Number 303,111.

The State tenders this notice of appeal from a pretrial order pursuant to the provisions of Article 44.01(a)(1), V.A.C. C.P. (Vernon Supp.1988).

The notice of appeal recites that the State is acting "by and through the Travis County Attorney." We hold that this is sufficient to comply with art. 44.01(i), even though the notice of appeal was not actually signed by the county attorney.

■ Further, after appellee's motion to dismiss was filed, the State promptly filed an amended notice of appeal signed by the county attorney. This corrected the defect, if any, in the original notice of appeal. Tex.R.App.P.Ann. 83 (Pamph.1989); *Jones v. State*, 762 S.W.2d 330 (Tex.App.1988, pet. grnt'd); *Jones v. State*, 752 S.W.2d 150 (Tex.App.1988, pet. ref'd). Appellee's motion to dismiss is overruled.

■ The information in this cause alleges that appellant,

an employee of an establishment licensed by the Texas Alcoholic Beverage Commission to sell alcoholic beverages, to-wit: The Loft, was then and there intentionally and knowingly on the licensed premises while in an intoxicated state. . . .

The offense alleged is a violation of Tex. Alco.Bev.Code Ann. § 104.01(5) (Supp. 1989), which reads:

No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

. . . . .

(5) being intoxicated on the licensed premises or permitting an intoxicated person to remain on the licensed premises. . . .

"Intoxicated" is not defined in § 104.01 or elsewhere in the code. The trial court dismissed the information on the ground that the legislature's failure to define "intoxicated" as used in the statute renders it unconstitutionally vague.[1]

---

**1.** The court explained the ruling as follows:

I'm going to grant the motion to quash. And this is why I'm going to grant it. A law needs to be explicit in order for, one, people to know what it is they're not supposed to do.

Two, police officers to know what it is they're supposed to look for in enforcing that law.

And three, so that the person, whether it's an individual, a judge or a jury deciding guilt or innocence, knows what it is he's supposed to

A statute is not unconstitutionally vague merely because a word or term is not specifically defined. *Ahearn v. State*, 588 S.W.2d 327, 338 (Tex.Cr.App.1979); *Powell v. State*, 538 S.W.2d 617, 619 (Tex.Cr.App. 1976). *Campos v. State*, 623 S.W.2d 657 (Tex.Cr.App.1981), was a prosecution pursuant to Tex.Alco.Bev.Code Ann. § 101.63 (1978), which prohibits the sale of alcoholic beverages to an intoxicated person. The Court of Criminal Appeals rejected the contention that the absence of a definition for "intoxicated" rendered the statute unconstitutionally vague. The court held that the word was to be given its commonly understood meaning, and that a person of common intelligence could determine with reasonable precision what conduct he was to avoid under the statute.

*Campos* would seem to control the disposition of the instant cause. However, appellee argues that *Campos* is no longer valid because "intoxicated" no longer has a commonly understood meaning. Instead, appellee contends that the term has taken on several different technical meanings, no one of which has been adopted for § 104.01. *See* Tex.Gov't Code. Ann. § 311.011 (1988).

Since *Campos* was decided, Tex.Rev.Civ. Stat.Ann. art. 6701*l*-1 (Supp.1989) has been amended to define "intoxicated" as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

This definition has also been incorporated into Tex.Pen.Code Ann. § 19.05 (1989). At the same time, Tex.Pen.Code Ann. § 8.04 (1974) defines "intoxicated" as a "disturbance of mental or physical capacity resulting from the introduction of any substance into the body." Finally, appellee refers to Tex.Pen.Code Ann. § 42.08 (1989), which defines "public intoxication" as "appear[ing] in a public place under the influence of alcohol or any other substance, to the degree that the individual may endanger himself or another." It is appellee's argument that this multiplicity of definitions is inconsistent with the notion that there is today a commonly understood meaning of "intoxication."

We are not persuaded by appellee's argument that *Campos* is no longer valid because of subsequent statutory amendments. At the time *Campos* was decided, the definition of "intoxicated" applicable in a prosecution for driving while intoxicated was substantially identical to that now found in art. 6701*l*-1(a)(2)(A). *See Lockhart v. State*, 108 Tex.Cr. 597, 1 S.W.2d 894 (App.1927). Although "intoxicated" was not defined in terms of alcohol concentration before the 1983 amendments to art. 6701*l*-1, there was at the time of *Campos* a statutory presumption of intoxication based on blood alcohol level. *See* art. 6701*l* -5, § 3 (1977). The definitions found in §§ 8.04 and 42.08 remain as they were when *Campos* was decided. In short, "intoxicated" was defined in various ways in 1981, just as it is today, depending on the context.

We hold, by analogy to *Campos*, that § 104.01(5) is not unconstitutionally vague for failing to define "intoxicated." The

---

decide. This law is vague. I don't care what the *Campos* [*v. State, infra*] case says.

If I'm going to find somebody guilty and I have a spectrum of tipsy to a danger to himself in that offense intoxication—if I drink one can of beer I'm intoxicated. I'm intoxicated. That's what this says. Now, it leaves too much to the *decision maker*. Whether it's the person on the street, the police officer, or the jury or the judge, to fill in. And I am not going to listen to evidence on the law that's as vague as this. Because if I do it, and I apply my standard, another judge will apply his standard, and you can have totally opposite results in the same

case. And I think that's why cases are—are—that's why courts decide the laws are unconstitutional because of vagueness. Because the results can be so dispersed.

You find one person guilty, one judge, based on his definition, and some other judge finds that same person not guilty. And I don't want to have that burden on me. If I'm going to decide somebody is guilty and I'm going to punish them, I need to know more. I want it to be set out. If they can do it for the PI Statute, if they can do it for the DWI Statute, then they can do it for this statute. Because they're all criminal offenses. Thank you.

trial court erred in dismissing the information on that basis.

The order dismissing the information is reversed, and the cause is remanded to the county court at law for trial.