The STATE of Texas, Appellant,

v.

Reginald P. BOSEMAN, Appellee.

Nos. 09–90–016 CR, 09–90–017 CR.

Court of Appeals of Texas,
Beaumont.

March 6, 1991.

Rehearing Denied March 21, 1991.

Tom Maness, Dist. Atty. and Bruce Cobb, Sp. Prosecutor, Beaumont, for appellant.

Joe Michael Dodson, Pate & Dodson, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

This instant appeal arises out of the entry of an order signed by the County Court of Jefferson County at Law No. 2. The challenged order dismissed the two complaints which had previously been lodged against the Appellee Reginald P. Boseman. The presiding judge of the County Court of Jefferson County at Law No. 2 ruled that his court lacked jurisdiction.

The Appellee ("Boseman") was initially charged in two separate complaints with providing or furnishing alcohol to a minor individual. These complaints were initially filed against Boseman in the Municipal Court for the City of Beaumont. Later, on October 13, 1989, the Municipal Court judge granted the motions to dismiss both the complaints on the grounds that the complaints were the result of Discriminatory Prosecution. No record was made of that hearing. That Corporation Court is not a court of record.

The first complaint is based upon a Beaumont Police Department's affidavit for arrest warrant. The affidavit was sworn to by a peace officer. The sworn affidavit spelled out that Boseman had committed the initial offense of furnishing alcoholic beverage to a minor on or about the first day of June, 1988, in Beaumont. The alcoholic beverage was furnished to one R.L.Q. and Boseman knew that R.L.Q. was not of the legal age to consume alcoholic beverages. In a part of the complaint it was revealed that the complaint was based on TEX.ALCO.BEV.CODE ANN. § 106.06 (Vernon 1978). The complaint alleged with more specificity that Boseman had purchased an alcoholic beverage for, or gave, or knowingly made available an alcoholic beverage to a minor when he was not the minor's parent, guardian, or spouse, or an adult in whose custody the minor had been committed by a court. The complaint alleged *Boseman was visibly present when the minor possessed and consumed the alcoholic beverage.*

Apparently, the Municipal Court judge had previously ordered the issuance of a "failure to appear" charge and ordered the issuance of a warrant of arrest for Boseman. These matters are reflected in our Cause No. 09–90–016 CR. There also appears an order of the Municipal Court to the general effect that the cause came on and was called for trial and both parties appeared and announced "ready", and a trial by jury was waived and the court adjudged the complaint against defendant should be dismissed. However, it appears from the printed forms used that there may have been some confusion as to a fine or court cost. Nevertheless, a commitment was issued, apparently. It appears that the judge of the Municipal Court signed the said order by the use of what appears to be a rubber stamp of his signature.

Concededly, the "transcript on appeal" is clearer, more readable, and unambiguous. This transcript clearly shows that Judge John Paul Davis dismissed the complaint on October 13, 1989, and a judgment of dismissal was signed and entered on the same date. A timely notice of appeal was filed on October 27, 1989, by the State in the Jefferson County Court at Law. The notice of appeal properly identified the cause of action. The notice, of course, was in writing and gave notice of appeal pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.01. The notice, itself, was dated October 18th. It was initially signed by the Assistant City Attorney of Beaumont. The notice of appeal was properly served by mail on the attorney of record for Boseman. The certificate of service is dated October 18, 1989.

The Appellee's attorney gave notice of a setting on the hearing to dismiss the State's appeal. That hearing in the County

Court of Jefferson County at Law No. 2 was set for November 14, 1989, at 1:30 p.m. The defendant, Appellee here, in his written *motion to dismiss for lack of jurisdiction* had a basic thrust. Boseman's basic allegations and contentions were that he had been originally allegedly charged in two separate complaints with providing alcohol to a minor with the offense dates alleged to have been May 5, 1988, and June 1, 1988.

Boseman further alleged that he had been singled out for prosecution when others similarly situated would not have been prosecuted. We have no statement of facts on these allegations. He alleged that he, as the defendant, was a Beaumont police officer, and he was indefinitely suspended on December 8, 1988. Further, that during the course of the suspension proceedings there had never been any suggestion, according to Boseman, that he had provided alcohol to a minor on May 5, 1988, or June 1, 1988, or at any other time. Boseman had vigorously contested his suspension. The suspension matter had gone to arbitration and through arbitration it was ordered that Boseman be reinstated to his position as a police officer on or about July 15, 1989.

Then, on August 14, 1989, Boseman was required to "submit to an affidavit in the Internal Affairs Department of the Beaumont Police Department." Thereafter, he was indefinitely suspended, the date of suspension being August 31, 1989. Appellee's motion reflects that the current suspension is based in part on the current charges against him. The current charges were filed on August 24, 1989. Boseman alleged in his motion that the current charges were filed in bad faith and in retaliation for the arbitration proceedings. Boseman alleged that after a lengthy hearing the Municipal Court Judge granted the motion to dismiss. It should be noted that the complaints in the Municipal Court were dismissed. The hearing did not go to the merits, apparently, and Boseman was not adjudged to be either guilty or not guilty of the alcoholic beverages to minors charges, as we understand the transcript. *Some of the documents and some of the parts of the doc-*

*uments are difficult to decipher and some parts are barely legible. Some parts are not legible.* We refer here to the transcript.

In his motion, Boseman concedes that TEX.CODE CRIM.PROC.ANN. art. 44.01 gives the State in a criminal case a limited right of appeal, *including an appeal from the dismissal of an indictment, information, or complaint. Clearly, the pleadings in the Municipal Court that were adverse to Boseman were "complaints".* However, on the other hand, the Appellee contends that all the applicable rules of procedure for prosecutions in the Municipal Court are contained in Chapter 45 of the Texas Code of Criminal Procedure; and that according to article 45.10, an appeal from the Municipal Court *shall be to the County Court and shall be a trial de novo.* No trial de novo was had in the county court. Appellee argues that this section then contemplates only the right of an appeal by a defendant, because, he further argues, article 45.47 provides that in no case shall the State be entitled to a new trial. We conclude the State is seeking something very different from a new trial. *It is seeking an appeal on the merits of the matter de novo to the County Court of Jefferson County at Law No. 2.* No such hearing, trial or appeal was afforded to the State.

Clearly, neither the State nor the prosecuting attorney has asked for a new trial before the Municipal Court Judge.

■ It is significant and interesting to point out that the Texas Code of Criminal Procedure of 1965, article 44.01 entitled "Appeal by state", (a), reads:

*The state is entitled to appeal an order of a court in a criminal case if the order:*

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint; (Emphasis added)

TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1991). Note the State is entitled to an appeal.

The record here is glaringly clear that the State is appealing from an order of a

court in a criminal case. This was a criminal proceeding in the Municipal Court. The order dismissed a "complaint". The language of article 44.01(a)(1) within its parameters is broad and nonrestrictive. The language "the state is entitled to appeal an order" carries with it the connotation of a right and a mandatory entitlement.

We conclude, therefore, that article 44.01 is the paramount statute being dispositive of this matter rather than Chapter 45, simply because this matter was an appeal from the dismissal of a complaint. A complaint is specially provided for and delineated in article 45.01. It should be noted that article 45.10 provides simply that appeal from a corporation court shall be heard by the county court except in cases where that particular county court has no jurisdiction, in which such county such appeal shall be heard by the proper court. Article 45.10 does not spell out a prohibition against the State from taking an appeal. However, the State may not file a motion for a new trial. Article 45.47. TEX.CODE CRIM.PROC.ANN. art. 45.10 (Vernon Supp.1991) states:

> Unless the appeal is taken from a municipal court of record and the appeal is based on error reflected in the record, *the trial shall be de novo in the proper court. Said appeals shall be governed by the rules of practice and procedure for appeals from justice courts to the county court, as far as applicable.* (Emphasis added)

The Beaumont Municipal Court is not a court of record.

■ Honorable Bruce Cobb was the active prosecuting attorney in the case and he timely gave notice of appeal. Article 44.01(d) provides that the prosecuting attorney may not make an appeal under Subsection (a) or (b) of that article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court. The language of 44.01(d) does not prohibit the City Attorney or the Assistant City Attorney from acting as the prosecuting attorney. Here, in deed and in fact, the Assistant City Attorney was the prosecuting attorney. It is correct, as well, to state that article 44.01(f)

provides that a court of appeals shall give precedence in its docket to an appeal filed under subsection (a) or (b) of this article. It is correct that article 44.01(i) provides that the prosecuting attorney means the county attorney, the district attorney, or the criminal district attorney, who has *the primary responsibility of prosecuting cases* in the court hearing the case. However, no county attorney or district attorney or criminal district attorney *had the primary responsibility* of prosecuting the case in the Beaumont Municipal Court. Under the statutes, as we construe them, relied upon by both parties, the State had a right to have a trial de novo inasmuch as the Municipal Court was not a court of record. Again, the State, under this record, was deprived of a trial de novo.

■ Furthermore, it is significant and important to point out that Tom Maness, the Criminal District Attorney of Jefferson County, acted pursuant to the provisions of TEX.CODE CRIM.PROC.ANN. art. 45.03 and TEX. GOV'T CODE ANN. § 44.223, and Tom Maness had appointed and *deputized Bruce Cobb and Joseph Sanders, being Assistant City Attorneys for the City of Beaumont, as Tom Maness' Assistant District Attorneys for the State of Texas for the purpose of prosecuting both causes being numbered 145218 and 145219, both of which were and are styled: The State of Texas versus Reginald P. Boseman. Mr. Maness also ratified and approved the notices of appeal given in the same causes, and also ratified and approved the docketing of the said causes by the County Clerk of Jefferson County.*

This relevant, governing affidavit made by the Honorable Tom Maness was prior to the time that the presiding judge of the County Court of Jefferson County at Law No. 2 dismissed the cases based on the *defendant's motion to dismiss for lack of jurisdiction,* although no meaningful, full, evidentiary hearing was held. Article 45.03 specifically and interestingly provides that appeals from municipal courts to a county court at law or to any appellate court may be prosecuted by the city attorney or his deputy.

Tom Maness not only gave his consent, but he actually appointed and deputized Bruce Cobb and Joseph Sanders to prosecute the cases. All that is required is that consent be given. Maness also ratified Bruce Cobb's actions. In ultimate effect, the notices of appeal were timely given and even the cases were docketed before the 15 day limitation had run. We hold the notices of appeal were properly adopted and ratified. *See generally,* TEX. CONST. art. V, § 26; TEX.CODE CRIM.PROC.ANN. art. 44.-01(a)(1) (Vernon Supp.1991).

We also determine that the legislative intent in the use of the term "complaint" manifested the legislature's purposes and intentions to grant to the State a right to appeal an adverse ruling in the justice of the peace court or in a municipal or corporation court *in the dismissal of complaints.* If the people of Texas through their Constitution, and the legislature of Texas have provided a right of appeal on behalf of the State from higher trial courts, then, manifestly, the people through their Constitution and the solons through their legislative enactments had a right to and meant to encompass within the term "complaint" those that were filed in the municipal courts. The proceedings in a municipal court *shall be commenced* by a complaint. *See* TEX.CODE CRIM.PROC.ANN. art. 45.01. The relevant statutory language is plain and unambiguous and uses the actual word "complaint" and from this we can determine that the intention of the legislature should be determined from its use of that word. *See, Texas Highway Commission v. El Paso Building and Construction Trades Council,* 149 Tex. 457, 234 S.W.2d 857 (1950).

Under this record, the trial before the County Court of Jefferson County at Law No. 2 shall be a trial de novo. Article 45.10 (effective September 1, 1987). The County Court at Law, under this record, would be and is the proper court. The gravamen of the trial de novo would be on the merits. The proper administration of justice should be considered. Naturally, a record must be made of all the proceedings before the County Court at Law judge in the event that the parties, or one of them, desires for a further appeal. The County Court at Law should conduct at least a full evidentiary hearing on the defendant's motion and all phases thereof, making a complete record.

It is clear that the Criminal District Attorney of Jefferson County, the Honorable Tom Maness, has the same powers, duties, privileges and prerogatives as a county attorney in other counties of Texas. The county attorney by law shall represent Jefferson County in any court in which *the county has pending business. See* TEX. GOV'T CODE ANN. § 44.223 (Vernon 1988). In practicality and in the day-to-day operations, the Criminal District Attorney of Jefferson County for all intents and for all purposes, actually is the county attorney of Jefferson County. As stated above, the Honorable Tom Maness ratified and approved all the notices of appeal in both causes from the Municipal Court to the proper and correct County Court at Law. He was also acting therein as county attorney for Jefferson County. Hence, the notices of appeals and the appeals were lodged with the prerequisite consent.

A cardinal rule of statutory construction is that single articles should not be construed and interpreted in complete isolation. The articles should be, rather, construed harmoniously with other relevant provisions of the Texas Code of Criminal Procedure. This salutary and cardinal principal or rule of statutory construction is both necessary and proper in carrying out the full legislative intentions as well as the will of the people as expressed in their Constitution. The underlying philosophy of this rule of construction is that statutes dealing with the same subject matter and each being a part of a system and having the same general purpose are to be read together in a harmonious manner, thus giving a pragmatic effect to all of the constitutional provisions, statutory laws, and enactments bearing upon the same general subject matter. *See and compare Ex parte Harrell,* 542 S.W.2d 169 (Tex.Crim.App. 1976). Under this record we determine that the notice of appeal was properly and timely given and given to the proper court.

This notice of appeal was given in writing and was filed with the correct court. That County Court at Law had jurisdiction of the parties and the subject matter.

■ Furthermore, TEX.R.APP.P. 83 disallows the dismissal of an appeal for any defect or irregularity even though the same be one of substance without permitting the defeated party a fully reasonable time to correct or amend any so-called or alleged defects. Here the County Court at Law was sitting as an appellate court. An appeal was before that judge from the Beaumont Municipal Court. Hence, he was required to allow reasonable time to amend or correct any alleged defects. This the trial judge failed to do. Nevertheless, the District Attorney's full ratification and affidavit concerning notices of appeal and the docketing of the case cured any possible alleged defect in the notice.

Under this record, in a case of first impression, we deem it correct to apply TEX.R.APP.P. 83, by way of sound analogy, to the appeal to the County Court at Law. Supporting this construction and concept by reasonable and necessary logical deduction, we note that TEX.R.CIV.P. 571, which applies to justice court appeals states in substance that an appeal shall not be dismissed for defects or irregularity in procedure either in form or in substance without allowing an appellant five days after notice within which to correct or amend the same.

It is important and significant to note that any defect or irregularities, *either in form or in substance* ("in substance" is very important) may be corrected and amended fully within five days after notice. Undergirding and emphasizing the said Rule 571 and its application is TEX.CODE CRIM.PROC.ANN. art. 45.10, providing in substance that appeals from municipal courts shall be governed by the rules of practice and procedures applicable to appeals from justice courts to the county court. Of course, TEX.CODE CRIM.PROC.ANN. art. 44.01 is paramount as to the substance of this litigation.

■ In the case before us on appeal, we hold as an additional ground for our decision that the county court was without authority to dismiss this appeal without affording the Appellant a reasonable time to amend the notices of appeal if the County Court of Jefferson County at Law No. 2 judge decided that a defect or an irregularity did indeed exist. However, we do not think so. It is clear that any defect in the notice of appeal could be cured by an amended notice of appeal. *See and compare State v. Barker,* 780 S.W.2d 927 (Tex. App.—Austin 1989, *pet. ref'd*); *State v. Lopez,* 763 S.W.2d 939 (Tex.App.—Houston [1st Dist.] 1989, *pet. ref'd*). We conclude that our Ninth Court of Appeals has jurisdiction of this appeal. We determine that the County Court at Law had jurisdiction. This holding is clearly consistent with the major impact, the major thrust, and the gravamen of the Texas Code of Criminal Procedure article 44.01(a)(1) (Vernon Supp. 1991).

The paramount concept and holding herein is that the State may appeal an order which dismisses all or any portion of an indictment, information, or complaint. Here, significantly, the State was appealing a dismissal of a complaint. Art. 44.01 governs inasmuch as it is more relevantly and logically on point.

TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.1991) provides in substance that the State "is entitled to appeal an order of a court in a criminal case if the order: (1) dismisses ... complaint or any portion" thereof. This wording, we think, is at least to a large degree mandatory since the State "is entitled to appeal." Indeed, our Court of Appeals shall give precedence on the docket to an appeal by the State. Article 44.01(f). Article 44.01 was effective September 1, 1981.

TEX.CODE CRIM.PROC.ANN. art. 44.17 (Vernon Supp.1991) affirmatively and specifically allows and, indeed, mandates that appeals by the State be taken from justice courts and municipal courts to county courts. The trial at the county court level shall be de novo unless the municipal court was one of record.

We do not quarrel with the fact that the State itself is not entitled to a new trial

before the municipal court or corporation court judge. Without rancor, we observe that the dissent relies upon TEX.CODE CRIM. PROC.ANN. arts. 45.47 and 45.48 (Vernon 1979). The statutes that we cite and rely upon were passed much later. We cannot agree with the dissenter's reliance upon article 45.48 which was passed in 1965. Indeed, article 45.47 was also passed by the Acts of 1965. Again, our statutes are later. Even Chapter 45, especially article 45.10, specifically speaks of an appeal from a municipal court being heard in a county court except in situations where the county court has no jurisdiction, but even there the appeal shall be heard by the proper court. In fact, TEX.CODE CRIM.PROC.ANN. art. 45.01 (Vernon Supp.1991) specifically states that proceedings in a municipal court shall be commenced by a complaint. Very importantly, article 45.03 mandates that all prosecutions in a municipal court shall be conducted by the city attorney or his deputy, and this article further provides that appeals from a municipal court to a county court or a county court at law are authorized and may indeed be prosecuted by the city attorney or his deputy. The only proviso is that the city attorney or his deputy obtain the consent of the county attorney, which is our situation here. We determine that a careful and analytical reading of article 45.03 empowers the city attorney or his deputy to prosecute the cases in the municipal court and the appeals therefrom to the county court at law.

Through the exercise of collegiality, it is fair and correct to state that the dissenter takes the basic position *that a county court at law simply has no jurisdiction to hear any appeal by the State regarding a municipal court prosecution* "because the legislature has not authorized such an appeal." With due deference, we must disagree. .

 A trial judge is simply not authorized under Texas law to dismiss a valid indictment, information, or complaint when that dismissal is not based upon a finding of a defective charging instrument. *See and compare State v. Chandler,* 767 S.W.2d 211 (Tex.App.—Eastland 1989, *no*

*pet.*). *It is not charged by Boseman that the charging instrument is defective.* A complaint filed in a municipal or in a justice court need only state the facts that are sufficient to allege the commission of the offense charged. The same specificity and particularity is not required in a municipal court's complaint as is required and is necessary in a formal felony indictment or a formal information. *See Vallejo v. State,* 408 S.W.2d 113 (Tex.Crim.App.1966).

Judgment of dismissal reversed and cause remanded for trial.

REVERSED AND REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. TEX. CONST. art. V, § 26 states: "The State is entitled to appeal in criminal cases, as authorized by general law." The only general law provision implementing the state's right of appeal is TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1991), enacted in 1987. At that time Chapter 45, TEX.CODE CRIM.PROC. ANN. (Vernon 1979) had governed appeals from justice and municipal courts since 1965. We should not presume the legislature was simply unaware of those provisions and thus the failure to amend Chapter 45 was some type of oversight. The facts suggest otherwise. In 1987 when the legislature implemented the state's right to appeal it also dealt with appeals from municipal courts. It chose to maintain the requirements of (1) trial de novo, TEX.CODE CRIM.PROC.ANN. arts. 44.17 and 45.10 (Vernon Supp.1991); (2) the state shall not be entitled to a new trial, TEX.CODE CRIM.PROC. ANN. art. 45.47 (Vernon 1979); and (3) the effect of an appeal article only mentions a defendant, TEX.CODE CRIM.PROC.ANN. art. 45.48 (Vernon 1979).

The majority seeks to correct this alleged legislative oversight by judicial construction of article 44.01 by relying on the fact that it was passed later than the Chapter 45 articles. This court must try to construe the various states in harmony. Article 44.01 and articles 45.01–.55 can easily be harmonized by affirming the trial court's ruling that a county court-at-law has no jurisdiction to hear an appeal by the

State arising from a municipal court prosecution because the legislature has not authorized such an appeal. Until the legislature specifically does so, this court should not. Therefore, I respectfully dissent.