The STATE of Texas, Appellant,

v.

Reginald P. BOSEMAN, Appellee.

Nos. 504–91, 505–91.

Court of Criminal Appeals of Texas,
En Banc.

April 8, 1992.

Rehearing Denied June 3, 1992.

Joe Michael Dodson, Beaumont, for appellee.

Bruce W. Cobb, Asst. Dist. Atty. Pro Tem., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellee Reginald P. Boseman appeals a decision of the Beaumont Court of Appeals reversing the county court-at-law's dismissal of the State's notice of appeal. *State v.*

1. Tex.Code Crim.Proc. art. 44.01 provides, in relevant part:
    (a) The state is entitled to appeal an order of a court in a criminal case if the order:
    (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;
    &ast; &ast; &ast; &ast; &ast; &ast;
    (d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.
    &ast; &ast; &ast; &ast; &ast; &ast;
    (i) In this article, "prosecuting attorney" means the county attorney, district attorney,

*Boseman,* 805 S.W.2d 922 (Tex.App.—Beaumont 1991). We granted appellee's petition for discretionary review in order to determine whether the court of appeals correctly held that the filing of the State's notice of appeal by an assistant city attorney complied with Article 44.01 of the Texas Code of Criminal Procedure.[1] We will reverse.

Appellee, a Beaumont police officer, was charged in two separate complaints with furnishing alcohol to a minor. Municipal Judge John Paul Davis dismissed these misdemeanor complaints on October 13, 1989. On October 18, the assistant city attorney for the City of Beaumont filed a notice of appeal in the municipal court, pursuant to Article 44.01. The notice of appeal and the transcript on appeal were filed in Jefferson County Court-at-Law Number Two, on October 27, 1989.

On November 3, 1989 appellee filed a motion to dismiss, in the county court, for lack of jurisdiction, on the ground that the state may not appeal an adverse decision from a municipal court. The State's reply to appellee's motion to dismiss included an affidavit from the county attorney purporting to deputize the assistant city attorney for the purpose of prosecuting the appeal and asserting that the county attorney ratified and approved the notice of appeal. This affidavit was dated November 13, 1989—after the fifteen day filing deadline set forth in Article 44.01(d) had expired. The county court judge granted appellee's motion to dismiss for lack of jurisdiction. The court of appeals reversed and remanded the case for trial.[2]

or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney.

2. We note that the municipal court in question was not a court of record, and the basis for the trial judge's decision are not evident from the transcript. Notwithstanding this fact, the court of appeals concluded that it was apparent that the hearing in the municipal court did not reach the merits of the complaints. *Boseman, supra* at 923–924 (Acknowledging that parts of the transcript are "difficult to decipher" and "[s]ome parts are not legible").

Appellee argues that Tex.Code Crim.Proc. art. 44.01 (Appeal by State) does not authorize an assistant city prosecutor to file a State's notice of appeal.[3] Thus, because the notice of appeal in this case was filed by an assistant city prosecutor, appellee contends that the notice was invalid and the county court properly dismissed the case for lack of jurisdiction. The State argues that the authorization provided by

3. Appellee also argues that the court of appeals erred in finding that Article 44.01 invests a city attorney with the authority to appeal a complaint from municipal court. Appellee argues that because the only mechanism for appeal from a non-record municipal court is a trial *de novo* in the county court as provided for in Article 45.10 of the Texas Code of Criminal Procedure, application of Article 44.01 to this case would result in an apparent conflict with Article 45.47 of the Code. Article 45.47 provides: "In no case shall the State be entitled to a new trial." Appellee asserts the mechanism for appeal from municipal court logically must have been intended for the defendant only, because the State is never entitled to receive a new trial.

The State asserts that since Article 44.01 provides for the dismissal of a "complaint", the Legislature must have intended for the state to be able to appeal adverse rulings from the municipal court level. This is because the only charging instrument used in the municipal court is the complaint. See Tex.Code Crim. Proc. art. 45.01 ("Proceedings in a municipal court shall be commenced by complaint"). The State also argues that the same statute which grants city attorneys the authority to prosecute cases in municipal court also permits the city attorney to represent the state on appeal. See Tex.Code Crim.Proc. art. 45.03. Article 45.03 (emphasis added) provides:

> All prosecutions in a municipal court shall be conducted by the city attorney of such city, town, or village, or by his deputy. The county attorney of the county in which said city, town or village is situated may, if he so desires, also represent the State in such prosecutions.... *With the consent of the county attorney, appeals from municipal court to a county court, county court at law, or any appellate court may be prosecuted by the city attorney or his deputy.*

Because of our resolution of appellee's other ground for review, we need not come to any conclusions regarding the validity of appeals by the state from municipal courts generally. We do note, however, that the use of the word "complaint" in Article 44.01(a)(1) is perplexing, as this word has multiple uses in the criminal jurisprudence of our state. For example, if a defendant is charged in a court other than a corporation court, the process of prosecution is usually initiated by the filing of a criminal "complaint". But the complaint in such proceedings will serve only as a basis for the issuance of an information or the commencement of the indictment process. Article 15.04 of the Texas Code of Criminal Procedure provides that "[t]he affidavit made before a magistrate or district or county attorney is called a 'complaint' if it charges the commission of an offense." Moreover, Article 2.05, ("When a Complaint is Made") (emphasis added) provides:

> If the offense be a misdemeanor, the attorney shall forthwith *prepare an information based upon such complaint* and file the same in the court having jurisdiction; provided, that in counties having no county attorney, misdemeanor cases may be tried upon complaint alone, without an information, provided, however, in counties having one or more criminal district courts an information must be filed in each misdemeanor case. If the offense be a felony, he shall forthwith *file the complaint* with a magistrate of the county.

It is the indictment or information which confers jurisdiction on the court. Tex. Const. Art V § 12(b). A judge who finds fault with an information or indictment does not "dismiss" the complaint on which the indictment or information was based, but sets aside the information or indictment. See, e.g., Tex.Code Crim. Proc. art. 27.03 ("Motion to set Aside Indictment") (emphasis added). ("[A] motion to set aside an indictment or information may be based on the following: 1. That it appears by the records of the court that the indictment was not found by at least nine grand jurors, or that the information *was not based on a valid complaint.*") (emphasis added.)

Thus, municipal courts are relatively unique, in that a prosecution in a municipal court is sufficient to support a conviction, *on a complaint alone,* without an information being filed. *Ex Parte Greenwood,* 165 Tex.Crim. 349, 307 S.W.2d 586 (1957). Prosecutions in a county court, originating in a municipal court but ending up in county court after conviction and subsequent appeal by the defendant, may also be supported on complaint alone. See *Kneedler v. State,* 131 Tex.Crim. 385, 99 S.W.2d 605, 606 (1937). The confusion surrounding the statutory use of the word "complaint" was noted in *Greenwood,* when this Court said, "an examination of [the relevant Articles] will disclose that the complaint by which prosecutions in the corporation are commenced is not the same as the affidavit or complaint which supports an information." *Greenwood, supra,* 307 S.W.2d at 587.

We are also troubled by the lack of a clear-cut mechanism for appeals by the state from a non-record municipal court. As the court of appeals discovered, without a record it is difficult to determine exactly what happened at the municipal court level and there may be difficulties in ascertaining whether the municipal court trial reached the merits. However, we reserve opinion on these issues until such time as is necessary.

the affidavit of November 13, 1989, was adequate to meet the standards required by Article 44.01. For the reasons set forth below we agree with appellee.

This Court recently held that Article 44.01 requires the "prosecuting attorney" to personally authorize the notice of appeal within the fifteen day window for filing State's appeals. *State v. Muller* 829 S.W.2d 805–811 (Tex.Cr.App.—1992) ("Article 44.01 requires the elected 'prosecuting attorney' (and not his assistant) to 'make' the State's notice of appeal ... through the physical act of signing the notice or by personally and expressly authorizing an assistant to file a specific notice of appeal on his behalf."). Thus, unless the specific notice of appeal in question is personally approved by the "prosecuting attorney" and filed within the fifteen day period, the appellate court never obtains jurisdiction over the case. Because the definition of the "prosecuting attorney" specifically excluded an "assistant prosecuting attorney," we held that the general authority to "make" an appeal could not be delegated to an assistant. *Muller*, supra.

The notice of appeal in this case was filed by an assistant city attorney—not a "prosecuting attorney" as required by Article 44.01. As in *Muller*, the county attorney in this case did not timely "make" this appeal (i.e., by either personally signing the appeal or by expressly authorizing his assistant to pursue this particular appeal on his behalf). In accordance with our decision in *Muller*, supra, even assuming arguendo the right of appeal, the State lost the opportunity to appeal when the fifteen day window of opportunity closed without the county attorney's personal and express authorization of this specific notice of appeal.

Having found error in the court of appeals holding that the State in this case timely and properly filed the State's notice of appeal, as required by Article 44.01, we reverse the judgment of the court of appeals and remand this case to the trial court for further proceedings not inconsistent with this opinion.

McCORMICK, P.J., concurs in the result.

BENAVIDES, J., believing that the City Attorney has no right to appeal under art. 44.01, as explained by BURGESS, J., dissenting in the court below, concurs in the result.

CLINTON, Judge, concurring.

We granted review of the decision of the court of appeals on three grounds. See *State v. Boseman*, 805 S.W.2d 922 (Tex. App.—Beaumont 1991).[1] The Court correctly disposes of ground two, and in passing notices ground one but declines to come to any conclusions regarding "the validity of appeals by the State from municipal court generally." At n. 3, p. 590.

The question of proper notice of appeal, however, necessarily assumes a right to appeal in the first instance. On that point the dissenting justice insisted that "the legislature has not authorized such an appeal," *State v. Boseman*, supra, at 928–929. The parties have thoroughly briefed the matter and presented oral argument; given the manifestly significant importance of the basic issue to the bench and bar, as well as to the jurisprudence of this State,

1. GROUND FOR REVIEW ONE: The Court of appeals erred in concluding that the State has a right under Article 44.01 of Texas Code of Criminal Procedure to appeal from a dismissal order entered in municipal court, for a trial de novo in the county court.
GROUND FOR REVIEW TWO: The Court of Appeals erred in concluding that the State's notices of appeal were timely and properly filed, when the notices were not signed by a 'prosecuting attorney' as defined in Article 44.01(i), but rather were signed by an assistant city prosecutor.
GROUND FOR REVIEW THREE: The Court of Appeals erred in holding that the County

we should address it.[2] Because the Court does not I only concur in its judgment.

OVERSTREET, J., joins.

Court at Law had jurisdiction, and was without authority to dismiss the State's appeal.

**2.** One need not delve deeply into the difficulties noted by the Court because there are others more fundamental.

The matter of appeal from municipal court is governed by Chapter Forty-five of the Code of Criminal Procedure, and it is a minefield of contradictions.

For example, the last sentence in Article 45.03 may be read to contemplate a right in the State to appeal: "With consent of the county attorney, appeals ... may be prosecuted by the city attorney or his deputy;" on the other hand, because appeals by defendant generate a trial *de novo* it may mean no more than the county attorney may opt to permit the city attorney to handle the prosecution anew.

Another, with respect to appeals generally, Article 45.10 provides they "shall be governed by the rules of practice and procedure for appeals from justice courts to the county courts, as far as applicable," and according to one of those rules, "In no case shall the State be entitled to a new trial [in justice court]," Article 45.47; yet, as the Beaumont Court of Appeals would have it, the State *"is seeking an appeal on the merits de novo to* [the county court at law]." *State v. Boseman*, supra, at 924 (its emphasis).