The STATE of Texas, Appellant,

v.

Lee Michael ALLEY & Patricia A. Delarosa, Appellees.

Nos. 01–03–00017–CR, 01–03–00018–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 20, 2004.

---

Alan Curry, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellant.

David R. Lee, Bellaire, TX, George McCall Secrest, Jr., Bennett & Secrest, L.L.P., Robert V. Rosenberg, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

In this case, we consider whether the State may appeal a justice court's ruling dismissing a Class–C misdemeanor complaint for failure to stop at a stop sign directly to the court of appeals. In November 2002, the justice court dismissed criminal complaints alleging that, on separate occasions, appellees Lee Michael Alley and Patricia Delarosa failed to stop at a stop sign. Neither complaint specified the location where the alleged offense occurred. The State appealed in a notice providing that, "The State of Texas now gives written Notice of Appeal to the Court of Appeals sitting at Houston, Texas." We conclude that the State should have brought these appeals to the county courts in the first instance, and therefore dismiss for lack of jurisdiction.

## Jurisdiction

Alley and Delarosa each contend that this Court lacks jurisdiction to consider the State's appeal at this stage of the proceedings, and that the State is attempting to circumvent review by a county court. Alley and Delarosa rely upon Articles 4.08 and 45.042 of the Texas Code of Criminal Procedure in support of their contention that county courts have appellate jurisdiction of all appeals from justice courts. Article 4.08 of the Code of Criminal Procedure provides that "the county courts shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction." TEX.CODE CRIM. PROC. ANN. art. 4.08 (Vernon 1977); *see also* TEX. GOV'T CODE ANN. § 26.046 (Vernon 1988) (vesting county courts with appellate jurisdiction "in criminal cases of which justice courts and other inferior courts have original jurisdiction"). Article 45.042 provides in pertinent part:

(a) Appeals from a justice or municipal court, including appeals from final judgments in bond forfeiture proceedings, shall be heard by the county court except in cases where the county court has no jurisdiction, in which counties such appeals shall be heard by the proper court.

(b) Unless the appeal is taken from a municipal court of record and the appeal is based upon error reflected in the record, the trial shall be *de novo*.

TEX.CODE CRIM. PROC. ANN. art. 45.042 (Vernon Supp.2004).

The State concedes that these provisions appear to confer jurisdiction to county courts, but contends nonetheless that it may appeal the justice court's ruling di-

rectly to this court through the State's rights of appeal set forth in Article 44.01 of the Code of Criminal Procedure. Article 44.01(a)(1) allows the State to appeal an order of a court in a criminal case if that order "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint." TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.2004). Article 44.01, however, does not specify to which court such an appeal should be brought. The State contends that Article 44.01 "contemplates" that a State's appeal may be heard by the courts of appeals, but it concedes that Article 44.01 does not designate the court of appeals as having initial appellate jurisdiction over cases arising out of the justice and municipal courts. See TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1), (f) (Vernon Supp.2004) (providing that "the court of appeals shall give precedence in its docket to an appeal filed under Subsection (a) or (b) of this Article"). Instead, Article 4.08 vests county courts with appellate jurisdiction in criminal cases for which justice courts have original jurisdiction. TEX. CODE CRIM. PROC. ANN. art. 4.08.

The State asks us to hold Article 4.08 inapplicable on a theory that "the appeal from a justice court to a county court is clearly intended to be an appeal by the defendant because such appeals are required to be trials de novo." See TEX.CODE CRIM. PROC. ANN. art. 44.17 (Vernon Supp. 2004) (providing for trial de novo in all appeals from justice courts); see also TEX. CODE CRIM. PROC. ANN. art. 45.042(b). The State contends that Article 44.01 therefore "effectively prevails" over Article 4.08.

■ We disagree. Articles 4.08 and 45.042 control, because both provisions, in specific and unambiguous terms, provide that an appeal from a justice court is to the county court. When a statute is clear and unambiguous, courts may not strain the plain meaning of the wording in order to give the statute a different reading. Smith v. State, 789 S.W.2d 590, 592 (Tex. Crim.App.1990). Similarly, we construe Article 44.01(f) according to its plain textual meaning unless such a construction would result in absurd consequences. See State v. Gutierrez, 129 S.W.3d 113, 114 (Tex.Crim.App.2004) (court must construe Article 44.01(a)(2) of the Code of Criminal Procedure according to its plain textual meaning, unless text is ambiguous, or construing it according to that meaning would lead to absurd consequences).

Moreover, if a general provision of a statute conflicts with a special or local provision, the provisions should be construed, if possible, to give effect to both provisions. TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998); Dillehey v. State, 815 S.W.2d 623, 632 (Tex.Crim.App. 1991). If the statutes are unable to be reconciled, the specific statute will prevail as an exception to the general statute, unless the general statute is the later enactment and the manifest intent is that the general provisions prevail. TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1998).

In this case, the provisions in Articles 44.01, 4.08, and 45.042 of the Texas Code of Criminal Procedure, in the context of an appeal by the State from a justice court, can be read to give effect to all, with Article 44.01 allowing the State to appeal, and Articles 4.08 and 45.042 establishing the court with the initial appellate jurisdiction to hear the case. Compare TEX.CODE CRIM. PROC. ANN. art. 44.01 with TEX.CODE CRIM. PROC. ANN. art. 4.08 and TEX.CODE CRIM. PROC. ANN. art. 45.042. Articles 4.08 and 45.042 specifically address appeals from a justice court, and provide that such appeals must be taken to the county courts, whereas Article 44.01 confers upon the State the general power to appeal certain rulings in a criminal proceeding. TEX. CODE CRIM. PROC. ANN. arts. 44.17, 45.042.

Such a construction is consistent with the jurisdictional provisions of the Texas Constitution. The Texas Constitution confers appellate jurisdiction on both Article V, § 6 courts and Article V, § 16 courts. *See* TEX. CONST. art. V, § 6 ("Said Courts of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law."); *see also* TEX. CONST. art. V, § 16 ("The County Court has jurisdiction as provided by law."); *State v. Morse*, 903 S.W.2d 100, 102 n. 2 (Tex.App.-El Paso 1995, no pet.) (observing that county court was acting as a court of appellate review of proceedings from a municipal court).

We therefore hold that Article 44.01 authorizes the State to appeal certain legal rulings in criminal cases, and requires the court exercising appellate jurisdiction to expedite appeals authorized by Articles 44.01(a) and 44.01(b). *See* TEX. GOV'T CODE ANN. § 311.026; *Dillehey*, 815 S.W.2d at 632. We further hold that Article 4.08, which specifically provides that "the county courts shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction," requires that the State bring any appeal authorized by Article 44.01 from the justice court first to the county court. TEX.CODE CRIM. PROC. ANN. art. 4.08.

Only one intermediate appellate court has addressed the interplay between Article 44.01 and Article 4.08. *See State v. Boseman*, 805 S.W.2d 922, 923 (Tex.App.-Beaumont 1991), *rev'd on other grounds,*

830 S.W.2d 588 (Tex.Crim.App.1992). In *Boseman*, the State appealed pursuant to Article 44.01 of the Code of Criminal Procedure to the county court. *Boseman*, 805 S.W.2d at 923. The county court dismissed the two complaints for lack of jurisdiction, and the State appealed that decision to the Beaumont Court of Appeals. The appellate court, with one justice dissenting, held that the county court had jurisdiction to consider the State's appeal, and remanded the case to the county court. *Id.* at 928.[1]

Our interpretation is consistent with the Legislature's stated purpose of Article 44.01, enacted when the Texas Constitution prohibited the State from appealing *any* adverse rulings in criminal cases. HOUSE COMM. ON CRIM. JURISPRUDENCE, Bill Analysis, Tex. H.B. 1035, 70th Leg., R.S. (1987). In that report, the committee explained that the purpose of Article 44.01 is to "define the parameters of the [S]tate's right to appeal in criminal cases." *Id.* In so doing, the Legislature stated that it intended to give the State the right to appeal in "certain specific situations." *Id.* The Legislature did not, however, change existing jurisdictional provisions by designating the courts to hear such appeals, and the Legislature's committee reports reveal no intent that Article 44.01 abrogate existing jurisdictional provisions of the Code.

Finally, there are inherent practical problems with a direct appeal from a non-record court. Here, the State developed a reporter's record in a "non-record" court, but such is not the general course of proceedings in justice courts, because justice courts are not courts of record. *Gano v.*

---

1. The dissent in *Boseman* concluded that Article 44.01 does not give the State the right to appeal from a justice or municipal court ruling. *Boseman*, 805 S.W.2d at 928–29. The Texas Court of Criminal Appeals did not determine the jurisdictional question because the State's notice of appeal did not comply with Article 44.01. *Boseman*, 830 S.W.2d at 591. The Court of Criminal Appeals was "troubled by the lack of a clear-cut mechanism for appeals by the State from a non-record municipal court," but reserved the resolution of that issue for another day. *Id.*

*State,* 466 S.W.2d 730, 733 (Tex.Crim.App. 1971). The following excerpt from the record explains the unusual existence of a reporter's record here:

> [State]: Thank You, Judge. Uh, and initially I'd like the record to reflect that the reason why we're doing this is because with all due respect, Your Honor does routinely dismiss ... cases involving running a stop sign. So the two cases that we're discussing—the three—I'm sorry. The three cases that we're discussing now are just a microcosm of something that's been ongoing.
>
>      \*      \*      \*
>
> [State]: Uh, as Your Honor is aware our intent in this case is to go directly to the Court of Appeals under Article 44.01 of the Code of Criminal Procedure. We do not intend on facing a trial *de novo* in the County Court.
>
>      \*      \*      \*
>
> [State]: Again, I think we already know what the outcome of Your Honor's decision is going to be which is why the court reporter is here today.

The presence of a record in this case, however, does not transform a justice court into a court of record for all proceedings. Rather, the jurisdictionally appropriate course is one in which the State appeals to the county court, a court of record. The county court can review a motion to quash the complaint anew. If granted, the State then may appeal to the court of appeals. If denied, the State then may proceed with the prosecution it sought in the justice court.

### Conclusion

Our construction of Article 44.01 harmonizes that provision with Articles 4.08 and 45.042 of the Code of Criminal Procedure, which specifically provide that an appeal from a justice court or municipal court is brought in the first instance to the county court. We conclude that the State must first bring its appeal to the county court before any appeal to the courts of appeals. We therefore dismiss this appeal for lack of jurisdiction.