Opinion issued May 20, 2004
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00017-CR
NO. 01-03-00018-CR




THE STATE OF TEXAS, Appellant

V.

 LEE MICHAEL ALLEY & PATRICIA A. DELAROSA,
Appellees




On Appeal from Precinct 5, Place 2 of the Justice Court
Harris County, Texas

Trial Court Cause No. TR52X3199063
Trial Court Cause No. TR52X3204827




O P I N I O N

          In this case, we consider whether the State may appeal a justice court’s ruling
dismissing a Class-C misdemeanor complaint for failure to stop at a stop sign directly
to the court of appeals. In November 2002, the justice court dismissed criminal
complaints alleging that, on separate occasions, appellees Lee Michael Alley and
Patricia Delarosa failed to stop at a stop sign. Neither complaint specified the
location where the alleged offense occurred. The State appealed in a notice providing
that, “The State of Texas now gives written Notice of Appeal to the Court of Appeals
sitting at Houston, Texas.” We conclude that the State should have brought these
appeals to the county courts in the first instance, and therefore dismiss for lack of
jurisdiction.
Jurisdiction
          Alley and Delarosa each contend that this Court lacks jurisdiction to consider
the State’s appeal at this stage of the proceedings, and that the State is attempting to
circumvent review by a county court. Alley and Delarosa rely upon Articles 4.08 and
45.042 of the Texas Code of Criminal Procedure in support of their contention that
county courts have appellate jurisdiction of all appeals from justice courts. Article
4.08 of the Code of Criminal Procedure provides that “the county courts shall have
appellate jurisdiction in criminal cases of which justice courts and other inferior
courts have original jurisdiction.” Tex. Code Crim. Proc. Ann. art. 4.08 (Vernon
1977); see also Tex. Gov’t Code Ann. § 26.046 (Vernon 1988) (vesting county
courts with appellate jurisdiction “in criminal cases of which justice courts and other
inferior courts have original jurisdiction”). Article 45.042 provides in pertinent part:
(a)Appeals from a justice or municipal court, including appeals from
final judgments in bond forfeiture proceedings, shall be heard by
the county court except in cases where the county court has no
jurisdiction, in which counties such appeals shall be heard by the
proper court.
 
(b)Unless the appeal is taken from a municipal court of record and
the appeal is based upon error reflected in the record, the trial
shall be de novo.

Tex. Code Crim. Proc. Ann. art. 45.042 (Vernon Supp. 2004).
          The State concedes that these provisions appear to confer jurisdiction to county
courts, but contends nonetheless that it may appeal the justice court’s ruling directly
to this court through the State’s rights of appeal set forth in Article 44.01of the Code
of Criminal Procedure. Article 44.01(a)(1) allows the State to appeal an order of a
court in a criminal case if that order “dismisses an indictment, information, or
complaint or any portion of an indictment, information, or complaint.” Tex. Code
Crim. Proc. Ann. art. 44.01 (Vernon Supp. 2004). Article 44.01, however, does not
specify to which court such an appeal should be brought. The State contends that
Article 44.01 “contemplates” that a State’s appeal may be heard by the courts of
appeals, but it concedes that Article 44.01 does not designate the court of appeals as
having initial appellate jurisdiction over cases arising out of the justice and municipal
courts. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1), (f) (Vernon Supp. 2004)
(providing that “the court of appeals shall give precedence in its docket to an appeal
filed under Subsection (a) or (b) of this Article”). Instead, Article 4.08 vests county
courts with appellate jurisdiction in criminal cases for which justice courts have
original jurisdiction. Tex. Code Crim. Proc. Ann. art. 4.08.
          The State asks us to hold Article 4.08 inapplicable on a theory that “the appeal
from a justice court to a county court is clearly intended to be an appeal by the
defendant because such appeals are required to be trials de novo.” See Tex. Code
Crim. Proc. Ann. art. 44.17 (Vernon Supp. 2004) (providing for trial de novo in all
appeals from justice courts); see also Tex. Code Crim. Proc. Ann. art. 45.042(b). 
The State contends that Article 44.01 therefore “effectively prevails” over Article
4.08.
          We disagree. Articles 4.08 and 45.042 control, because both provisions, in
specific and unambiguous terms, provide that an appeal from a justice court is to the
county court. When a statute is clear and unambiguous, courts may not strain the
plain meaning of the wording in order to give the statute a different reading. Smith
v. State, 789 S.W.2d 590, 592 (Tex. Crim. App. 1991). Similarly, we construe Article
44.01(f) according to its plain textual meaning unless such a construction would
result in absurd consequences. See State v. Gutierrez, 129 S.W.3d 113, 114 (Tex.
Crim. App. 2004) (court must construe Article 44.01(a)(2) of the Code of Criminal
Procedure according to its plain textual meaning, unless text is ambiguous, or
construing it according to that meaning would lead to absurd consequences). 
          Moreover, if a general provision of a statute conflicts with a special or local
provision, the provisions should be construed, if possible, to give effect to both
provisions. Tex. Gov’t Code Ann. § 311.026 (Vernon 1998); Dillehey v. State, 815
S.W.2d 623, 632 (Tex. Crim. App. 1991). If the statutes are unable to be reconciled,
the specific statute will prevail as an exception to the general statute, unless the
general statute is the later enactment and the manifest intent is that the general
provisions prevail. Tex. Gov’t Code Ann. § 311.026(b) (Vernon 1998).
          In this case, the provisions in Articles 44.01, 4.08, and 45.042 of the Texas
Code of Criminal Procedure, in the context of an appeal by the State from a justice
court, can be read to give effect to all, with Article 44.01 allowing the State to appeal,
and Articles 4.08 and 45.042 establishing the court with the initial appellate
jurisdiction to hear the case. Compare Tex. Code Crim. Proc. Ann. art. 44.01 with
Tex. Code Crim. Proc. Ann. art. 4.08 and Tex. Code Crim. Proc. Ann. art.
45.042. Articles 4.08 and 45.042 specifically address appeals from a justice court,
and provide that such appeals must be taken to the county courts, whereas Article
44.01 confers upon the State the general power to appeal certain rulings in a criminal
proceeding. Tex. Code Crim. Proc. Ann. arts. 44.17, 45.042. 
          Such a construction is consistent with the jurisdictional provisions of the Texas
Constitution. The Texas Constitution confers appellate jurisdiction on both Article
V, § 6 courts and Article V, § 16 courts. See Tex. Const. art. V, § 6 (“Said Courts
of Appeals shall have appellate jurisdiction co-extensive with the limits of their
respective districts, which shall extend to all cases of which the District or County
Courts have original or appellate jurisdiction, under such restrictions and regulations
as may be prescribed by law.”); see also Tex. Const. art. V, § 16 (“The County Court
has jurisdiction as provided by law.”); State v. Morse, 903 S.W.2d 100, 102 n.2 (Tex.
App.—El Paso 1995, no pet.) (observing that county court was acting as a court of
appellate review of proceedings from a municipal court).
          We therefore hold that Article 44.01 authorizes the State to appeal certain legal
rulings in criminal cases, and requires the court exercising appellate jurisdiction to
expedite appeals authorized by Articles 44.01(a) and 44.01(b). See Tex. Gov’t Code
Ann. § 311.026; Dillehey, 815 S.W.2d at 632. We further hold that Article 4.08,
which specifically provides that “the county courts shall have appellate jurisdiction
in criminal cases of which justice courts and other inferior courts have original
jurisdiction,” requires that the State bring any appeal authorized by Article 44.01
from the justice court first to the county court. Tex. Code Crim. Proc. Ann. art.
4.08.
          Only one intermediate appellate court has addressed the interplay between
Article 44.01 and Article 4.08. See State v. Boseman, 805 S.W.2d 922, 923 (Tex.
App.—Beaumont 1991), rev’d on other grounds, 830 S.W.2d 588 (Tex. Crim. App.
1992). In Boseman, the State appealed pursuant to Article 44.01 of the Code of
Criminal Procedure to the county court. Boseman, 805 S.W.2d at 923. The county
court dismissed the two complaints for lack of jurisdiction, and the State appealed
that decision to the Beaumont Court of Appeals. The appellate court, with one justice
dissenting, held that the county court had jurisdiction to consider the State’s appeal,
and remanded the case to the county court. Id. at 928.



          Our interpretation is consistent with the Legislature’s stated purpose of Article
44.01, enacted when the Texas Constitution prohibited the State from appealing any
adverse rulings in criminal cases. House Comm. On Crim. Jurisprudence, Bill
Analysis, Tex. H.B. 1035, 70th Leg., R.S. (1987). In that report, the committee
explained that the purpose of Article 44.01 is to “define the parameters of the
[S]tate’s right to appeal in criminal cases.” Id. In so doing, the Legislature stated that
it intended to give the State the right to appeal in “certain specific situations.” Id. 
The Legislature did not, however, change existing jurisdictional provisions by
designating the courts to hear such appeals, and the Legislature’s committee reports
reveal no intent that Article 44.01 abrogate existing jurisdictional provisions of the
Code.
          Finally, there are inherent practical problems with a direct appeal from a non-record court. Here, the State developed a reporter’s record in a “non-record” court,
but such is not the general course of proceedings in justice courts, because justice
courts are not courts of record. Gano v. State, 466 S.W.2d 730, 733 (Tex. Crim. App.
1971). The following excerpt from the record explains the unusual existence of a
reporter’s record here:
[State]:        Thank You, Judge. Uh, and initially I’d like the record to reflect that the
reason why we’re doing this is because with all due respect, Your Honor
does routinely dismiss . . . cases involving running a stop sign. So the
two cases that we’re discussing -- the three – I’m sorry. The three cases
that we’re discussing now are just a microcosm of something that’s been
ongoing.
***
[State]:        Uh, as Your Honor is aware our intent in this case is to go directly to the
Court of Appeals under Article 44.01 of the Code of Criminal
Procedure. We do not intend on facing a trial de novo in the County
Court.
***
[State]:        Again, I think we already know what the outcome of Your Honor’s
decision is going to be which is why the court reporter is here today.

          The presence of a record in this case, however, does not transform a justice
court into a court of record for all proceedings. Rather, the jurisdictionally
appropriate course is one in which the State appeals to the county court, a court of
record. The county court can review a motion to quash the complaint anew. If
granted, the State then may appeal to the court of appeals. If denied, the State then
may proceed with the prosecution it sought in the justice court.

Conclusion
          Our construction of Article 44.01 harmonizes that provision with Articles 4.08
and 45.042 of the Code of Criminal Procedure, which specifically provide that an
appeal from a justice court or municipal court is brought in the first instance to the
county court. We conclude that the State must first bring its appeal to the county
court before any appeal to the courts of appeals. We therefore dismiss this appeal for
lack of jurisdiction.
 
                                                             Jane Bland
                                                             Justice
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Publish. Tex. R. App. P. 47.2.